MQS INSPECTION, INC., Plaintiff,

v.

Richard BIELECKI and William Orgas, Defendants.

No. 91–C–500.

United States District Court, E.D. Wisconsin.

Sept. 30, 1995.

Michael J. Pfau, Hinshaw & Culbertson, Milwaukee, WI, Jeffrey J. Liotta, Hinshaw & Culbertson, Appleton, WI, for Plaintiff.

Gregory J. Cook, Charles G. Maris, Kasdorf, Lewis & Swietlik, Milwaukee, WI, Christopher J. Conrad, Nelson, Dries & Zimmerman, Brookfield, WI, for Defendants.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on plaintiff MQS Inspection, Inc.'s ("MQS") motions for Preliminary Injunction, for Leave to Amend the Pleadings, to Consolidate, and for Summary Judgment and on defendants Richard Bielecki and William Orgas' motions to Compel and for Summary Judgment. In their summary judgment motion, defendants further request that the Court impose sanctions against MQS pursuant to Federal Rule of Civil Procedure 11. In its complaint, MQS raises two claims against defendants. First, MQS alleges that defendants violated the Uniform Trade Secrets Act, adopted by the Wisconsin legislature at Section 134.90, Stats., by misappropriating customer information and using said information to their advantage and to the detriment of MQS. Second, MQS alleges that defendants were fiduciaries and breached their fiduciary duty to MQS.

For the following reasons, MQS' motions for a preliminary injunction and leave to amend the pleadings are denied, while its motion for partial summary judgment is granted. MQS' motion to consolidate will be decided at a later date. Defendants' motion to compel is granted in part. Defendants' motion for partial summary judgment is granted, but the request for sanctions is denied.

## FACTUAL BACKGROUND

Prior to the events leading to this litigation, defendants William Orgas and Richard Bielecki had worked for MQS Inspection, Inc. for several years. At the time relevant to this action, both were employed in MQS' Milwaukee, Wisconsin, office with Orgas serving as Sales Manager and Bielecki as General Supervisor. In the fall of 1990, de-

fendants prepared to establish a new business to compete with MQS in the non-destructive testing market. In the spring of 1991, while still employed by MQS, defendants competed against MQS for a large non-destructive testing contract with Waupaca Foundry ("Waupaca"), submitting a bid which was ultimately chosen over MQS' bid. MQS alleges that, in their efforts to compete against MQS, defendants misappropriated MQS' customer lists, bids and pricing formulas, pricing information, and market strategies. Shortly after securing the Waupaca contract, Bielecki and Orgas left their jobs at MQS. One week later, on April 8, 1991, defendants' new business, InspecTech, was officially incorporated.

## I. MQS' SUMMARY JUDGMENT MOTION

MQS moves for summary judgment arguing that defendants breached the fiduciary duty they owed MQS. More specifically, MQS contends defendants "learned of a business opportunity through their MQS employment, secretly competed head-to-head with MQS for that opportunity while still employed by MQS, and defeated MQS while still employed." (MQS' Summary Judgment Brief at 1.) MQS admits that, to succeed on this claim, it must prove: 1) defendants were fiduciaries, and 2) defendants breached their fiduciary duty. *Id.* at 15. The Court concludes that, as a matter of law, defendants were fiduciaries and did indeed breach their fiduciary duty to MQS.

■■■ Whether a fiduciary duty exists is generally a matter of law. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Boeck,* 127 Wis.2d 127, 377 N.W.2d 605 (1985); *Guenther v. First Nat'l Bank of Park Falls,* 102 Wis.2d 725, 308 N.W.2d 770 (Ct.App.1981)(Unpublished). William Orgas and Richard Bielecki admit they held positions with MQS as Sales Manager and General Supervisor, respectively. (Defendants' Proposed Findings of Fact in Support of Motion for Summary Judgment at ¶¶ 16 & 23.) Although neither were officers or directors of MQS, (MQS' Answers to Defendants' First Set of Requests for Admission at ¶¶ 1 & 2), by virtue of their status and responsibilities at MQS, both held positions of trust and confidence and owed a duty of loyalty to their employer, MQS. *Burg v. Miniature Precision Components,Inc.,* 111 Wis.2d 1, 330 N.W.2d 192 (1983); *Hartford Elevator, Inc. v. Lauer,* 94 Wis.2d 571, 289 N.W.2d 280 (1980); *General Automotive Mfg. Co. v. Singer,* 19 Wis.2d 528, 120 N.W.2d 659 (1963). Thus, both defendants were fiduciaries of MQS during the time period relevant to this claim.

■■ MQS contends that, as a matter of law, defendants breached the fiduciary duty they owed to MQS. The Court agrees. Defendants admit that "[i]t is undisputed that Orgas and [Rick] Bielecki competed for the Waupaca Foundry contract" and did so while still employed by MQS. (Defendants' Final Argument on Plaintiff's Motion for Preliminary Injunction at 6–8.) This admission establishes that defendants did more than simply "establish[ ] the foundation for their new business." *Id.* at 6. Applying authority such as *General Automotive Mfg. Co. v. Singer,* 19 Wis.2d 528, 120 N.W.2d 659 (1963), it is clear defendants breached their fiduciary duty to MQS.

In *Singer,* an employee engaged in business dealings in competition with his employer while he was still an employee of the corporation. The *Singer* Court found that the defendant's independent activities (which are similar to the admitted activities of the defendants here) were in competition with defendant's employer and, as such, violated the defendant's obligation of fidelity to the corporation. *Id.* Orgas and Bielecki violated their fiduciary duty to MQS by competing against MQS while still its employees. *See also Burg v. Miniature Precision Components, Inc.,* 111 Wis.2d 1, 330 N.W.2d 192 (1983)(competing against employer is a breach of duty of loyalty to employer). As fiduciaries, defendants could not properly divert business from their employers to themselves. Orgas and Bielecki may not rightfully profit from business dealings they engaged in while MQS employees that were adverse to MQS' interests. *Burg,* 330 N.W.2d at 199 (citing *Pederson v. Johnson,* 169 Wis. 320, 324, 172 N.W. 723 (1919)). As fiduciaries of MQS, defendants could not act adversely to it

and serve their own interests. *Singer,* 120 N.W.2d at 662 (1963).

## II. LEAVE TO AMEND PLEADINGS

■ MQS has moved for leave to amend the pleadings to include as an additional defendant, InspecTech Corp. ("InspecTech"), and to permit the filing and service of the amended complaint upon InspecTech. Said motion, brought pursuant to Federal Rules of Civil Procedure 15(a) and 19(c), is denied. Though leave to amend pleadings should be freely given when justice so requires, such leave would be inappropriate in this case. By this Order, the Court grants summary judgment to MQS on its fiduciary claim and summary judgment to defendants on the trade secret claim. InspecTech was not officially incorporated until April 8, 1991, after defendants' had left their jobs at MQS. Significantly, at the time relevant to this case, there was no relationship between InspecTech and MQS which could possibly give rise to any fiduciary duty. While the Court finds the defendants liable in their personal capacities on the breach of fiduciary duty issue, InspecTech owed no such duty to MQS. Additionally, both MQS and defendants acknowledge that defendants are the sole shareholders of InspecTech and, as such, the sole owners of the corporate assets. "Any judgment against the individual shareholders of the corporation would certainly entitle MQS to execute against the individual's assets, which by necessity would include [InspecTech]." (MQS' Reply Brief on Motion for Leave to Amend Pleadings at 4)(quoting Defendants' Brief in Opposition to Motion to Amend Pleadings.) Thus, MQS' motion for leave to amend the pleadings is denied.

## III. DEFENDANT'S SUMMARY JUDGMENT MOTION

Defendants filed a motion requesting that this Court grant them summary judgment on MQS' claim that they violated Wisconsin's Uniform Trade Secrets Act. More specifically, defendants contend they could not have violated the Act for the simple reason that the customer lists, bids and pricing formulas, pricing information, and market strategies which MQS claims they misappropriated are not, in fact, "trade secrets" under the Act. The Court agrees with the defendants.

■ Whether the customer information at issue in this case is indeed a trade secret is a question of law. *Nalco Chemical Co. v. Hydro Technologies, Inc.,* 984 F.2d 801, 803 (7th Cir.1993). The Court finds that there is no genuine issue of material fact that the "customer lists, bids and pricing formulas, pricing information and market strategies," (MQS Complaint at ¶ 35), which the defendants allegedly misappropriated are not trade secrets as defined by Wisconsin's Uniform Trade Secrets Act. The Court adopts the reasoning in defendants' original and reply memoranda as support for this decision. Additionally, the Court notes that its grant of summary judgment on this issue is further supported by the following authority: *Curtis 1000 v. Suess,* 24 F.3d 941, 947–48 (7th Cir. 1994); *Nalco Chemical Co. v. Hydro Technologies, Inc.,* 984 F.2d 801, 801–804 (7th Cir.1993); *AMP, Inc. v. Fleischhacker,* 823 F.2d 1199, 1203–06 (7th Cir.1987); *Custom Mfg. v. Raymer,* 1995 WL 390040, at *8–9, 1995 U.S. Dist. LEXIS 9059, *23–26 (N.D. Ill. June 30, 1995); *Nalco Chemical Co. v. Hydro Technologies,* 149 F.R.D. 686, 689–94 (E.D.Wis.1993). MQS' trade secret claim is dismissed.

## IV. MOTION TO COMPEL

On June 5, 1991, defendants served upon MQS certain Requests for Production of Documents and Written Interrogatories. Following MQS' opposition to some of the requests, defendants filed a motion to compel discovery on July 17, 1991, and an amended motion to compel discovery on October 15, 1991. Defendants seek an order compelling MQS to answer interrogatories numbered 7, 8, 12, 13, 14, 15, 16, 20 and 21 of the defendants First Set of Interrogatories to MQS, and to produce the documents requested in requests numbered 4, 10, 11 and 12 set forth in defendants' First Request for Production of Documents to MQS. Defendants have further asked that MQS be required to pay their attorney's fees and costs incurred by the defendants in connection with this motion to compel.

"The scope of discovery in civil cases is extremely broad and relevant objections, while permissible, will not be sustained where discovery sought is relevant to the subject matter." *Credit Gen. Ins. Co. v. Midwest Indem. Corp.*, 1992 WL 199227, at 1, 1992 U.S. Dist. LEXIS 11729, *2–3 (ND. Ill. Aug. 6, 1992). The concept of relevancy is to be broadly construed at the discovery stage, *Id.* at *1, 1992 U.S. Dist. LEXIS 11729, at *2 & *6, such that discovery of the requested matter should be allowed if it is relevant or reasonably calculated to lead to the discovery of admissible evidence. To a certain extent, the liberal rules of discovery even allow parties to "fish for evidence." *Protective Ins. Co. v. Montgomery Tank Lines, Inc.*, 1989 WL 165113, *3, 1989 U.S. Dist. LEXIS 15639, *7 (N.D.Ill.Dec. 28, 1989).

Having reviewed the interrogatories and request for documents, the Court rules as follows:

In light of the Court's previous ruling, the request for the Court to compel MQS to answer Numbers 7, 12, 16, 20, and 21 of defendants' First Set of Interrogatories is denied as moot. The request for the Court to compel MQS to answer Numbers 13, 14, and 15 of defendants' First Set of Interrogatories is denied. These interrogatories appear wholly unrelated to the only remaining issue in this case—damages. MQS is, however, hereby ordered to answer Number 8 of defendants' First Set of Interrogatories, as that interrogatory may be legitimately related to the issue of damages. The request for the Court to compel MQS to produce the documents sought in request Number 4 of defendants' First Request for Production of Documents is denied as moot. The Court does conclude however, that the documents requested in Numbers 10, 11, and 12 of defendants First Request for Production of Documents may be related to the issue of damages and, therefore, MQS is ordered to produce these documents.

Defendants' request for attorney's fees and costs is denied.

## V. PRELIMINARY INJUNCTION

On August 6, 1991, MQS moved for a preliminary injunction against defendants, requesting an Order that would: 1) bar defendants from engaging in non-destructive testing work for Waupaca Foundry during the pendency of the litigation; 2) bar defendants from engaging in non-destructive testing work in any capacity for six months; 3) bar defendants from contacting MQS' customers in the defendants' business plan; 4) bar defendants from utilizing or disclosing trade secrets and confidential information during the pendency of the litigation; 5) bi defendants from disparaging MQS during the pendency of the litigation; 6) impose a constructive trust barring the defendants from spending, transferring or dissipating monies earned during the first six months of business, including monies earned from Waupaca Foundry; 7) freeze defendants' assets pending an accounting and a further Order of this Court; and 8) award other or further equitable relief the Court deems just and appropriate. On July 29, 1993, MQS moved to withdraw requests one through five of the original motion for preliminary injunction. Only requests six through eight remain of MQS' original preliminary injunction motion, seeking a constructive trust, the freezing of defendants' assets, and other equitable relief. Since the Court has, by this Order, decided MQS' breach of fiduciary duty and misappropriation of trade secrets claims on the merits, MQS' request for a preliminary injunction is denied. The issue of damages, as it relates to defendants' breach of fiduciary duty, remains.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. MQS' motion for partial summary judgment is **GRANTED**;

2. MQS' motion for leave to amend the pleadings is **DENIED**;

3. Defendants' motion for partial summary judgment is **GRANTED**;

4. Defendants' motion to compel is **DENIED** in part and **GRANTED** in part;

5. MQS' motion for preliminary injunction is **DENIED**;

6. MQS' motion for consolidation will be decided at a later date;

7. The Court will schedule a hearing in the near future to address the issue of damages.

**SO ORDERED.**